IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIE J. GRIFFIN, JR.,**

**Petitioner,**

**vs.**

**LISA HOLLINGSWORTH,**

**Respondent.**                                              No. 10 - CV - 00615 DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Before the Court is a Petition for Writ for Habeas Corpus (Doc. 1), two motions seeking to supplement the Petition (Docs. 3 & 5), and a Motion to Appoint Counsel (Doc. 6) filed by Willie J. Griffin, Jr. Petitioner is an inmate in the U.S. Penitentiary in Marion, Illinois, and brings this habeas action pursuant to **28 U.S.C. § 2241** to challenge the sentence imposed for his December 14, 1999, conviction in the U.S. District Court for the Northern District of Florida for conspiracy to possess with intent to distribute cocaine and cocaine base, and for possession with intent to distribute cocaine. *Griffin, Jr. v. DeRosa*, **No.**

**3:10cv342/RV/MD, 2010 WL 3943702, at \*1 n.1 (N.D. Fla. Sept 20, 2010)**.[1]

Petitioner was sentenced to concurrent terms of 252 months in prison on each count. *Id.* After carefully reviewing the present case, the Court concludes that Petitioner is not entitled to relief under **§ 2241**, and the Petition is hereby **DISMISSED WITH PREJUDICE**. The motions to supplement (Docs. 3 & 5) and the Motion to Appoint Counsel (Doc. 6) are therefore **DENIED** as moot.

As best as the Court can discern, Petitioner argues that facts found by the judge at sentencing should not have been used to increase his maximum penalty range (Doc. 1, pp. 2–3). He contends that this constitutes actual innocence of the crime, citing **United States v. O'Brien, 130 S. Ct. 2169 (2010)**. The judge allegedly found the quantity and type of drugs in Petitioner's possession, which exposed Petitioner to a maximum of life and a minimum of 20 years in prison under **21 U.S.C. § 841(b)(1)(A)**, even though he was convicted under **§ 841(b)(1)(C)**. He says the quantity of drugs should have been considered an element of the offense and proven to the jury. Because it was not, *O'Brien*, he claims, allows vacatur of his sentence (Doc. 1, p. 4).

Petitioner states that he has filed for habeas relief before under **§ 2255** in the U.S. District Court for the Northern District of Florida, and that the petition was denied (Doc. 1, p. 4). Court records show that Petitioner has in fact filed two habeas motions under **§ 2255**. *Griffin, Jr. v. DeRosa*, **No. 3:10cv342/RV/MD,**

---

[1] The Court takes judicial notice of public court records.

**2010 WL 3943702, at \*1 n.1 (N.D. Fla. Sept. 20, 2010)**. According to the Petition, all the grounds arguing for relief have been previously presented on direct appeal (Doc. 1, p. 5). Yet, Petitioner claims, there were "no cases prior to O'Brien that allowed vacatur of the sentence. . . ." (Doc. 1, p. 4).

Upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." **RULES GOVERNING § 2254 CASES IN THE U.S. D. CTS. R. 4 (2010)**. **RULE 1(b)** gives this Court the authority to apply the rules to other habeas corpus cases, including those under **§ 2241**.

Normally a prisoner may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to **28 U.S.C. § 2255**. *See* **§ 2255(e) ("An application for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, . . . .")**. Second or successive **§ 2255** motions are prohibited unless approved by a panel of the appropriate court of appeals in light of either newly discovered evidence or a new rule of constitutional law. **§ 2255(h);** *see also Romandine v. United States*, **206 F.3d 731, 734 (7th Cir. 2000)**. However, a petition challenging the conviction may be brought pursuant to **§ 2241** if the remedy provided by **§ 2255** is "inadequate or

ineffective." *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998) (quoting § 2255(e)). The § 2241 petition must be brought in the district court having jurisdiction over the petitioner's custodian, which need not be the sentencing court. *See Kramer v. Olson,* 347 F.3d 214, 216 (7th Cir. 2003).

Petitioner contends that he is one of those for whom the § 2255 motion is inadequate or ineffective because there was no case prior to *O'Brien* that allowed for vacatur of a sentence when a fact found by the judge during sentencing raised the maximum guideline range. This and related legal arguments Petitioner makes appear to be premised on the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466 (2000). As a constitutional challenge, *see Apprendi,* 530 U.S. at 490, they should have been raised in a § 2255 motion before the sentencing court, the U.S. District Court for the Northern District of Florida. Or if raised on a successive § 2255 motion, Petitioner needs to seek approval from the Eleventh Circuit Court of Appeals. § 2255(h). This Court does not have jurisdiction.

Further, although jurisdiction is proper in this Court under § 2241, Petitioner is not entitled to relief under that section, both for the reason indicated above and because Petitioner has not been imprisoned for a nonexistent offense. A federal prisoner seeking relief under § 2241 must demonstrate the inadequacy of a § 2255 motion to cure the defect in his conviction. In *In re Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255.

The court stated that "[a] procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as *having been imprisoned for a nonexistent offense*." ***In re Davenport,* 147 F.3d at 611 (emphasis added)**. The Seventh Circuit has recently clarified this standard, stating that **§ 2255** is inadequate when its "provisions limiting multiple **§ 2255** motions prevent a prisoner from obtaining review of a legal theory that 'establishes the petitioner's actual innocence.'" ***Kramer*, 347 F.3d at 217**. Actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." ***Id.* at 218**.

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. Where a petitioner is merely attacking his sentence, instead of claiming that he is actually innocent of the crime for which he was sentenced, the correct motion to be filed is a **§ 2255** motion. ***In re Davenport*, 147 F.3d at 609–10**. Here, even if Petitioner's arguments are not constitutional challenges, they are merely attacking his sentence. As such, **§ 2255** does not prove to be an inadequate remedy for Petitioner's current claim, and consistent with ***In re Davenport***, Petitioner cannot raise his current claim under the awning of **§ 2241**. ***Id.* at 605**.

Therefore, **§ 2241** cannot provide Petitioner with the desired relief, and this

action is summarily **DISMISSED WITH PREJUDICE**. Consequently, the two motions seeking to supplement the Petition (Docs. 3 & 5) and the Motion to Appoint Counsel (Doc. 6) are **DENIED** as moot.

**IT IS SO ORDERED.**

Signed this 9th day of March, 2011.

David R. Herndon
2011.03.09 11:19:54
-06'00'

**Chief Judge**
**United States District Court**